# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Justin Jamal Lewis, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-000998

## ON WRIT OF CERTIORARI

Appeal from Florence County
D. Craig Brown, Post-Conviction Relief Judge

Opinion No. 28159
Submitted April 17, 2023 – Filed June 14, 2023

## REVERSED IN PART AND REMANDED

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Megan Harrigan Jameson, and Assistant Attorney General Danielle Dixon, all of Columbia, for Respondent.

**JUSTICE JAMES:** Petitioner Justin Jamal Lewis represented himself at trial and was convicted of distribution of heroin. Lewis timely filed an application for post-conviction relief (PCR), alleging pretrial counsel was ineffective in several respects. The PCR court summarily dismissed Lewis's application, and we granted his petition

for a writ of certiorari to review the PCR court's order.  We reverse the order in part and remand for further proceedings consistent with this opinion.

## Background

On the morning of trial, Lewis moved to relieve pretrial counsel, claiming counsel did not communicate with him and was not prepared for trial.  Pretrial counsel insisted he was ready for trial.  The trial court concluded pretrial counsel was prepared and denied Lewis's motion.  Lewis then requested to represent himself.  After conducting a *Faretta* hearing,[1] the trial court allowed Lewis to represent himself and appointed pretrial counsel as standby counsel.  During the *Faretta* hearing, Lewis made clear he did not want a continuance.  Just before trial began, Lewis—again, representing himself—stipulated to the admissibility of the "buy video" and of the substance alleged to have been heroin.  Lewis did not object to the introduction of the chemical analysis report stating the substance was heroin.

In his PCR application, Lewis alleges pretrial counsel was ineffective in (1) failing to adequately investigate the criminal charge, (2) failing to file pretrial motions challenging the admissibility of evidence, (3) failing to communicate with material witnesses whose testimony would have been favorable to the defense, (4) failing to request or procure a copy of the chemical analysis report and affidavits that would establish the chain of custody for physical evidence, (5) failing to timely request a preliminary hearing, (6) failing to advise Lewis of his right to appeal, (7) failing to provide the necessary information for filing a notice of appeal, and (8) failing to file a notice of appeal on Lewis's behalf.

The PCR court granted the State's motion to dismiss Lewis's application with prejudice for failure to state a claim upon which relief can be granted.  *See* Rule 12(b)(6), SCRCP.  The PCR found Lewis was "not entitled to [PCR] on the basis of ineffective assistance of counsel, even for pretrial conduct," because he "represented himself at trial" and, in doing so, "assumed responsibility for correcting any pretrial errors . . . ."  Additionally, the PCR court found Lewis "explicitly told [the trial court] he was not asking for a continuance" and "cannot complain now of counsel's alleged lack of pretrial investigation, failure to review discovery, or trial preparation."  We granted Lewis's petition for a writ of certiorari to review the PCR court's order.

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).  Lewis does not challenge the sufficiency of the *Faretta* hearing, nor does he challenge the propriety of his waiver of the right to counsel.

## Discussion

Lewis argues his PCR application "present[s] genuine issues of material fact requiring a hearing."[2]  Lewis further argues a defendant who represented himself at trial can claim ineffective assistance of pretrial counsel if he "did not have the opportunity to correct" an alleged error by counsel.  *See Cook v. Ryan*, 688 F.3d 598, 610-12 (9th Cir. 2012).  Lewis maintains he did not have an opportunity to correct pretrial counsel's errors because he decided to represent himself the morning of trial, and the trial court repeatedly told him the case would not be continued.  Lewis also argues he "did not make a knowing and intelligent decision to waive [his right to] direct appeal" because neither the trial court nor pretrial counsel advised him of that right.

Some of Lewis's PCR claims are patently meritless.  First, while he claims pretrial counsel failed to timely request a preliminary hearing, the record shows Lewis himself requested a preliminary hearing eight days after arrest.  *See* Rule 2(a), SCRCrimP ("In all cases, the request for a preliminary hearing shall be made within ten days after [notice of his right to a preliminary hearing].").  Second, the PCR court also properly dismissed Lewis's evidentiary claims.  While representing himself, Lewis stipulated to the admission of the buy video, a still photograph from the video, and the heroin.  Similarly, Lewis did not object to the admission of the chemical analysis report into evidence.  *See Faretta*, 422 U.S. at 834, n.46 ("The right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law.").

Two of Lewis's claims—pretrial counsel's alleged failure to adequately investigate the criminal charge and failure to communicate with material witnesses whose testimony would have been favorable to the defense—require us to determine whether a pro se defendant may allege ineffective assistance of pretrial counsel.  Citing *Cook*, 688 F.3d at 609, the PCR court summarily dismissed these claims.  The PCR court found Lewis "assumed responsibility for correcting any pretrial errors when he elected to represent himself."  We disagree.  The defendant in *Cook* began representing himself two weeks before trial, while Lewis began representing himself the morning trial began.  Under the circumstances present here, there is a genuine

---

[2] "[S]ummary dismissal without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief."  *Al-Shabazz v. State*, 338 S.C. 354, 364, 527 S.E.2d 742, 747 (2000).

issue of material fact as to whether Lewis had an opportunity to correct pretrial counsel's alleged errors.

We have never adopted a bright-line rule forbidding pro se defendants from alleging ineffective assistance of pretrial counsel, and we decline to do so today. Rather, we acknowledge a pro se defendant may present a colorable claim of pretrial ineffective assistance of pretrial counsel.[3]

Lewis also claims pretrial counsel failed to advise him of the right to appeal, failed to provide the necessary information for filing a notice of appeal, and failed to file a notice of appeal on his behalf. It appears PCR counsel moved for a new trial on behalf of Lewis. We are not prepared to determine on the record before us whether this required pretrial counsel to advise Lewis of his right to appeal or to take the other steps Lewis complains pretrial counsel did not take.

As in all PCR cases, *Strickland v. Washington* ensures PCR will be limited to instances where counsel's performance was deficient and that deficient performance prejudiced the defendant. 466 U.S. 668, 687 (1984).

## Conclusion

We reverse the PCR court's order in part and remand for a hearing on Lewis's claims that pretrial counsel failed to adequately investigate the criminal charge, failed to communicate with material witnesses whose testimony would have allegedly been favorable to the defense, failed to advise him of the right to appeal, failed to provide the necessary information for filing a notice of appeal, and failed to file a notice of appeal on his behalf. We express no opinion on the merits of these claims.

---

[3] *See, e.g.*, *Wilson v. Parker*, 515 F.3d 682, 698 (6th Cir. 2008) (stating that because counsel's allegedly defective conduct occurred before the defendant waived his right to counsel, "the logic . . . that exercising the *Faretta* right to represent oneself necessarily eliminates claims of ineffective assistance does not apply").

**REVERSED IN PART AND REMANDED.**

**BEATTY, C.J., KITTREDGE, FEW and HILL, JJ., concur.**